**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARE ONE, LLC, and CARE REALTY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ELIZABETH S. STRAUS, and ANDROSKY ("ALBERTO") LUGO, <br><br> Defendants. | 25-12743-JKS-MAH <br><br> Motion Date: March 16, 2026 |

## PLAINTIFFS' OPPOSITION TO DEFENDANT ANDROSKY LUGO'S MOTION TO SEAL

Rita M. Glavin, Esq.
*Admitted Pro Hac Vice*
GLAVIN PLLC
156 West 56th Street
New York, NY 10019
Tel.: (646) 693-5505

Michael S. Stein, Esq. (#037351989)
Sean Mack, Esq. (#028191999)
Keith D. McDonald, Esq. (#024762003)
PASHMAN STEIN WALDER HAYDEN P.C.
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Tel: (201) 488-8200

*Counsel for Plaintiffs Care One, LLC and Care Realty, LLC*

Plaintiffs Care One, LLC, and Care Realty, LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this brief in opposition to Defendant Androsky Lugo's motion (the "Motion") pursuant to Rule 5.3 of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey to retroactively place under seal various pleadings and motion papers previously filed in this action (the "Action").

## PRELIMINARY STATEMENT

Plaintiffs commenced this Action eight months ago, on July 3, 2025, when they filed the Complaint (ECF No. 1) against Lugo and his paramour, co-Defendant Elizabeth Straus ("E. Straus"). On October 20, 2025, Plaintiffs filed an Amended Complaint (ECF No. 19), which essentially alleged the same substantive claims as the original Complaint.

The Amended Complaint alleges, *inter alia*, that from 2015 to 2021, Lugo and E. Straus illegally used their positions of power and trust at Care One, LLC, to operate a criminal racketeering enterprise to defraud Plaintiffs. Am. Compl. ¶ 1. The Amended Complaint alleges that, through an array of schemes, Lugo and E. Straus misappropriated more than $30 million of Plaintiffs' funds for their personal benefit. *Id.* ¶¶ 4-5.

As alleged in the Amended Complaint, as a result of Lugo being arrested and charged with serious crimes and possession of contraband, Plaintiffs began an

1

inquiry into Lugo, which uncovered the racketeering activity described in the Amended Complaint. *Id.* ¶¶ 12, 77. The nature of the criminal conduct and contraband at issue is described in further detail in the Amended Complaint at paragraphs 25 through 77, and is not repeated here.

On January 22, 2026, Lugo filed a Motion to Dismiss the Amended Complaint. ECF No. 24. The next day, on January 23, 2026, E. Straus filed her own Motion to Dismiss the Amended Complaint, ECF No. 25, which relied on the arguments advanced in Lugo's Motion to Dismiss.

On February 20, 2026, Plaintiffs filed a Notice of Dismissal Without Prejudice (ECF No. 32), which terminated the Action without prejudice.

Prior to the dismissal of this Action, Lugo and E. Straus commenced an action in the Delaware Court of Chancery seeking advancement of legal fees and expenses incurred in the defense of this Action. *See In re Care One, LLC Advancement Litig.*, C.A. No. 2025-1286-SEM (Del. Ch.) (the "Delaware Action"). Significantly, Lugo filed the Complaint and the Amended Complaint—***the very documents he now seeks to put under seal here***—as exhibits to his motion for summary judgment in the Delaware Action. Dkt. No. 23, Exs. E and H, Delaware Action. Both pleadings remain publicly available on the Delaware docket.

Now, eight months after the Complaint was filed, Lugo seeks to seal the Complaint, the Amended Complaint, and Defendants' Motions to Dismiss. As

2

demonstrated herein, the Motion is untimely as it is made months beyond the fourteen-day deadline to seek such relief.  Moreover, any right Lugo may have had to seek a sealing order has been waived pursuant to well-settled authority prohibiting retroactive applications such as this one.  And even if the Court were to consider Lugo's Motion, it should be denied due to its failure to comply with the requirements of Rule 5.3 and its failure to establish any of the necessary criteria to warrant sealing. Finally, Lugo's application is pointless because, as noted above, the very documents he seeks to place under seal are publicly available on the docket in the Delaware Action.

I.      **THE MOTION IS UNTIMELY**

As an initial matter, to the extent the Motion seeks to seal the Complaint and the Amended Complaint, it is untimely.  Local Rule 5.3(c)(2) provides that a motion to seal a pleading shall be made "within 14 days following the filing of the pleading." As noted above, the Complaint and the Amended Complaint were filed months ago. Thus, to the extent the Motion seeks to seal the Complaint and the Amended Complaint, it is untimely.  *See Littlejohn v. Vivint Solar*, 2020 WL 2521276, at *1 n.2 (D.N.J. May 18, 2020) (noting that "any motion to seal . . . documents [should] be filed within fourteen (14) days of this Opinion," and "[t]he parties' election not to file such a motion will result in the materials currently filed under temporary seal being unsealed").  Moreover, because the information Lugo seeks to seal is

3

principally described in the Complaint and Amended Complaint, which are not subject to sealing, any attempt to seal the Motions to Dismiss would be pointless. Accordingly, the Motion should be denied in its entirety.

## II.    LUGO HAS WAIVED ANY RIGHT TO SEAL

Relatedly, even if Lugo's application was timely (it is not), he has waived any right he may have had to seal the Complaint, the Amended Complaint, and the Motions to Dismiss.  Indeed, it is well-settled that "[e]x-post facto sealing should not generally be permitted," especially where information alleged to be confidential has been made part of the public record.  *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 2010 WL 2710566, at *4 (D.N.J. July 7, 2010).

Here, the documents Lugo seeks to seal have all been filed on the public docket in this Action.  This alone warrants denial of Lugo's Motion in its entirety. *See Labelle v. Future FinTech Grp., Inc.*, 2024 WL 4275226, at *9 (D.N.J. Sept. 24, 2024) (denying a motion to seal where public disclosure already occurred because "retroactive sealing is not permitted").  Moreover, in the Delaware Action referenced above, Lugo not only failed to file a motion to seal the Complaint and the Amended Complaint, ***but he actually filed those documents as public exhibits to his motion for summary judgment***.  Dkt. No. 23, Exs. E and H, Delaware Action.  Accordingly, Lugo affirmatively placed these documents in the public record in the Delaware court.  Additionally, and further underscoring Lugo's decision to affirmatively use

those documents in the Delaware Action, Lugo designated four exhibits to his motion for summary judgment in the Delaware Action as confidential, but ***Lugo did not seek confidentiality for the Complaint and the Amended Complaint***. *See* Dkt. No. 23, Exs. A-D, Delaware Action. Those documents have been on the public docket in Delaware for months, and Lugo has not sought to seal those documents in Delaware. Thus, Lugo's affirmative publication of the materials he now seeks to seal fully warrants denial of the Motion. *See C.G.B. v. Santa Lucia*, 2018 WL 9963755, at *2 (D.N.J. July 27, 2018) (denying motion to seal and holding that "[a]s it was the defendants themselves who filed these documents on the public docket initially . . . the Court cannot find that any significant harm would result if these documents were not permanently sealed").

### III. THE MOTION DOES NOT COMPLY WITH THE RULES OF THE COURT AND APPLICABLE LAW

The Motion also is hopelessly defective as it is not supported by a sworn statement based on personal knowledge, but is instead based solely on an improper affirmation of counsel submitted in support of the Motion. *See* Aff. of Mark A. Berman ("Berman Aff."), ECF No. 33-1. Rule 5.3(c)(3) requires the submission of a "an affidavit, declaration, certification or other documents of the type referenced in 28 U.S.C. § 1746, which shall be based on *personal knowledge* . . . describing with particularity" the various criteria necessary to establish a basis to seal,

5

including: "(c) the clearly defined and serious injury that would result if the relief sought is not granted." L. Civ. R. 5.3(c)(3)(c) (emphasis added).

Because Lugo has failed to submit any evidence by him or anyone with first-hand knowledge of any "clearly defined and serious injury that would result if the relief sought is not granted," *id.*, denial of the Motion is warranted for this reason alone. *See John Deere Indus. Equip. Co. v. Tomasella*, 1990 WL 223521, at *2 (D.N.J. Dec. 18, 1990) (declining to consider an attorney affidavit where the attorney "has not shown he is competent to testify to the matters stated in his affidavit, nor that he has personal knowledge").

Moreover, the Court should not consider the Berman Affirmation to the extent it includes factual arguments or legal conclusions. L. Civ. R. 7.2(a) ("Affidavits, declarations, certifications and other documents of the type referenced in 28 U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents. Legal arguments and summations in such documents will be disregarded by the Court."); *see Johnson v. Guhl*, 91 F. Supp. 2d 754, 765 (D.N.J. 2000) (declining to consider an attorney affirmation to the extent it contains legal conclusions and only considering statements made within the attorney's personal knowledge).

6

In sum, the Motion is improper and defective and should be denied in its entirety on this basis.

## IV.    THE MOTION FAILS TO MEET THE HIGH STANDARD NECESSARY TO WARRANT SEALING

Even if the Motion was timely and not hopelessly defective, the Motion is in all events improper.  It is well established that there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  A party seeking to seal portions of the judicial record from public view "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Millhouse v. Ebbert*, 674 Fed. App'x 127, 128 (3d Cir. 2017) (*per curiam*) (internal quotation marks and citation omitted).

Under the Rule 5.3, a motion to seal must describe: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).  The Motion fails to come close to satisfying this imposing standard.

7

*First*, the information that Lugo describes as "salacious and scandalous," and which he now seeks to place under seal—*i.e.,* information concerning his criminal conduct—has been reported in public press releases and is already described in detail in the public domain. Indeed, the allegations of the Complaint and the Amended Complaint concerning Lugo's crimes are, in part, based on that publicly-available information. Am. Compl. ¶¶ 12, 26, 64.[1] It is well-settled that where, as here, the information that a party seeks to seal is already in the public domain, the request to seal documents referring to such public information should be denied. *See Fertakos v. Telebrands, Inc.*, 2024 WL 4818089, at *3 (D.N.J. Nov. 18, 2024) (denying a motion to seal "because the materials sought to be sealed have been publicly available on the docket for months, if not years").

*Second,* not only is the underlying information in the public domain, but Lugo's description of the documents he belatedly seeks to place under seal underscores the impropriety of his application. Indeed, each document is a pleading or paper submitted in support of Lugo's Motion to Dismiss (and in support of his

---

[1]     *See, e.g.*, Press Release, Westchester Cty. Dist. Attorney's Office, Eastchester Lawyer Arraigned for Child Pornography and Unlawful Surveillance (Sept. 9, 2021), https://www.westchesterda.net/september-2021/eastchester-lawyer-arraigned-for-child-pornography-and-unlawful-surveillance; Press Release, U.S. Attorney's Office, Dist. of N.J., New York Attorney Charged with Transportation and Possession of Child Pornography (May 31, 2022), https://www.justice.gov/usao-nj/pr/new-york-attorney-charged-transportation-and-possession-child-pornography.

complaint for advancement in Delaware).  However, each of those documents has been filed on the public record in this Court and, as to the Complaint and the Amended Complaint, Lugo filed them publicly in the Delaware Action.  *See* Dkt. No. 23, Exs. E and H, Delaware Action.  As the Third Circuit has made clear, where a document "has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings," it is a "judicial record" subject to the public's right of access.  *See In re Cendant Corp.*, 260 F.3d at 192.[2]

*Third*, "[t]he party seeking to seal any part of a judicial record bears a heavy burden of showing that disclosure of the record will 'work a clearly defined and serious injury to the party seeking closure.'"  *Strike 3 Holdings, LLC v. Doe*, 2022 WL 2274473, at *2 (D.N.J. June 23, 2022) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  Rule 5.3 also requires the movant to provide a "clearly

---

[2]    Delaware courts also apply a "presumption that the public has a right of access to all judicial proceedings and court records." *See Leo Invs. Hong Kong Ltd. v. Tomales Bay Cap. Anduril III, L.P.*, 2025 WL 2643328, at *7 (Del. Ch. Sept. 15, 2025).  Moreover, the same factors that warrant rejection of Lugo's Motion before this Court would likewise bar any such application under Delaware law. *See, e.g.*, *Horres v. Chick-fil-A, Inc.*, 2013 WL 1223605, at *2 (Del. Ch. Mar. 27, 2013) ("The fact that the news media already covered these events substantially undercuts any claim of harm."); *Kronenberg v. Katz*, 872 A.2d 568, 609 (Del. Ch. 2004) ("The mere fact that a defendant in a business case is accused of wrongdoing and that he would prefer for the public not to know about those accusations does not justify the sealing of the complaint."); *Hurd v. Espinoza*, 34 A.3d 1084, 1086 (Del. 2011) (that a document contains "embarrassing detail" about allegations of sexual harassment does not require sealing).

defined and serious injury that would result if the relief sought is not granted." L. Civ. R. 5.3(c)(3)(c).  It is well-settled that "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."  *In re Cendant Corp.*, 260 F.3d at 194.

As discussed *supra* at pages 5-6, Lugo has utterly failed to submit any competent evidence on this essential element.  Instead, he has submitted only an affirmation by his counsel, which is wholly deficient.  Moreover, even that improper submission merely asserts threadbare and generalized allegations that sealing is necessary to avoid "embarrassment and reputational harm."  Berman Aff. ¶ 3.  Such contentions are insufficient to establish a "clearly defined and serious injury."  *See, e.g.*, *Strike 3 Holdings, LLC*, 2022 WL 2274473, at *2 (denying a motion to seal portions of an amended complaint on the grounds that general allegations of embarrassment, reputational loss, adverse employment consequences, and financial losses are "not sufficient to overcome the presumption of access to court records"); *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 300583, *3 (D.N.J. Feb. 1, 2012) (denying motion to seal a settlement agreement, in part, because reputational harm is not sufficiently serious); *Shine v. TD Bank Fin. Grp.*, 2011 WL 3328490, *8 (D.N.J. Aug. 2, 2011) (denying a motion to seal where defendants "provide[d] no specific evidence of any financial or competitive harm they will suffer as a result of the embarrassment that may result from disclosure").

*Fourth*, other than identifying a purported "private reputational interest," Berman Aff. ¶ 5, which is an insufficient basis to grant the Motion, Lugo fails to identify any private or public interests that could warrant sealing.  Lugo has identified no authority supporting the proposition he advances here, *i.e.,* that a complaint, an amended complaint, and motions to dismiss should be sealed because they contain "scandalous allegations" that cause "embarrassment and reputational harm."  *See* Berman Aff. ¶¶ 3-4.  Lugo cannot credibly make any such contention since he placed the documents that he now seeks to seal in the public record.  Thus, the Court should deny the Motion.[3]

Moreover, contrary to Lugo's contentions, the allegations concerning Lugo's crimes were not included in Plaintiff's pleadings for the "sole purpose of causing embarrassment and reputational harm to Defendants."  *See id.*  To the contrary, the

---

[3]    Notably, the two District of New Jersey cases and the Third Circuit case Lugo cites in his proposed Sealing Order, ECF No. 33-3 ¶¶ 3, 7, only permitted sealing of confidential *business* information and trade secrets, which is not in any way at issue here.  *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *1 (D.N.J. Jan. 3, 2012) (granting a motion to seal where the "information is not available to the public and disclosure of such confidential information could seriously impair and injure the FSC/SunAmerica Defendants' competitive position in the marketplace"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *4–10 (D.N.J. July 18, 2007) (granting a motion to seal regulatory correspondence, commercially sensitive information, customer information, and unpublished clinical studies); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993) (vacating a district court's grant of a motion to seal numerous documents where movant failed to identify trade secrets or other sensitive information warranting sealing).

allegations concerning Lugo's criminal acts are the facts that caused Plaintiffs to begin an inquiry into Lugo, which uncovered the racketeering activity described in the Complaint and the Amended Complaint. Am. Compl. ¶¶ 12, 77. Thus, their inclusion in the pleadings was wholly appropriate and necessary, and forms part of the body of evidence concerning Lugo's misconduct.[4]

*Fifth*, Lugo has failed to comply with the requirement of Rule 5.3(c)(3)(d) to explain "why a less restrictive alternative to the relief sought is not available." Instead, Lugo merely asserts that "[n]o less restrictive alternative exists because it is the public availability of the allegations which gives rise to the serious injury sealing will remedy." Berman Aff. ¶ 7. Lugo's failure to articulate *why* a less restrictive alternative is not available alone justifies dismissal of the Motion. *See Richardson v. Kimbrough*, 2017 WL 6375180, at *4 (D.N.J. Dec. 13, 2017) (denying a motion to seal an exhibit to defendants' motion to dismiss where, among other issues, defendants failed to "address why a less restrictive alternative [was] unavailable").

---

[4]    It is worthy of note that one of the documents Lugo seeks to seal—*i.e.,* the E. Straus Motion to Dismiss (ECF No. 25)—does not even reference the purportedly "salacious and scandalous allegations" that are the basis of his Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion in its entirety.

Dated:     March 2, 2026          Respectfully submitted,
           Hackensack, NJ


                                  Rita M. Glavin, Esq.
                                  *Admitted Pro Hac Vice*
                                  GLAVIN PLLC
                                  156 West 56th Street
                                  New York, NY 10019
                                  Tel: (646) 693-5505


                                          s/ Michael S. Stein
                                  Michael S. Stein, Esq. (#037351989)
                                  Sean Mack, Esq. (#028191999)
                                  Keith D. McDonald, Esq. (#024762003)
                                  PASHMAN STEIN WALDER HAYDEN P.C.
                                  Court Plaza South, East Wing
                                  21 Main Street, Suite 200
                                  Hackensack, NJ 07601
                                  Tel.: (201) 488-8200

                                  *Counsel for Plaintiffs Care One, LLC*
                                  *and Care Realty, LLC*

13