HARTMANN DOHERTY
ROSA BERMAN & BULBULIA
Limited Liability Partnership Attorneys At Law

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

March 10, 2026

**VIA ECF**

Hon. Jamel K. Semper, U.S.D.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

**DEFENDANT'S REPLY**
**IN SUPPORT OF MOTION TO SEAL**

**Re: *CareOne, LLC, et al. v. Straus, et al.***
**Civil No. 25-12743-JKS-MAH**

Dear Judge Semper:

Please accept this letter in lieu of a more-formal brief in reply to Plaintiffs CareOne, LLC *et al.*'s opposition to Defendant Androsky Lugo's motion to seal the pleadings and related docket entries in the above-captioned action, which Plaintiffs voluntarily dismissed instead of opposing Defendant's meritorious motion to dismiss. That motion included a motion to strike the allegations that are the subject of the pending motion to seal, which this Court was prevented from adjudicating on the merits by Plaintiffs' decision to fold in the face of Defendant's motions. Plaintiffs' arguments in opposition to the motion to seal are without merit and confirm that their only purpose in filing this lawsuit in the first instance was to cause embarrassment to Defendant Lugo (and Plaintiff's owner's own daughter). Therefore, the Court should grant Defendant's requested relief.

## ARGUMENT

Plaintiffs have not articulated any interest of their own in keeping their pleadings – which did not even progress to the answer stage – publicly available on the Court's electronic filing system. Thus, the only issue is whether the public right of access is sufficient to deny Defendant's sealing request. Where a plaintiff voluntarily dismisses its own complaint, federal courts have, in fact, granted motions to seal filed by affected defendants. *See, e.g.*, *Allah v. Huneycutt*, Civil No.

22-0140-MR, 2023 U.S. Dist. LEXIS 226028, *3 (W.D.N.C. Dec. 19, 2023) (granting defendant's motion to seal after plaintiff voluntarily dismissed lawsuit in response to motion for summary judgment); *Nye v. Ingersoll-Rand Co.*, Civil Action No. 08-3481 (DRD) (MAS), 2010 U.S. Dist. LEXIS 29252, at *12 (D.N.J. Mar. 24, 2010) (noting that complaint in related action had been sealed after it was voluntarily dismissed by plaintiff two months after filing).

In that regard, none of the cases cited by Plaintiffs involved procedural circumstances akin to this case. For example, in *In re Cendant Corp.*, 260 F.3d 183 (3d Cir. 2001), in which the Court of Appeals articulated the applicable standard for reviewing sealing requests, the Court vacated the trial court's sealing order where the parties themselves – including the class members – were prevented from reviewing the information sealed, which included information "of the utmost importance in the administration of the case" and "directly relevant to the selection of lead [class] counsel." *Id.* at 193. Moreover, unlike this case, *In re Cendant* actually was litigated and adjudicated on the merits. *See also Millhouse v. Warden Ebbert*, 674 Fed. Appx. 127 (3d Cir. Jan. 25, 2017) (affirming denial of *plaintiff's* one-page motion to seal court decisions dismissing his first and amended complaints, which plaintiff worried would result his being labeled as a "rat" in prison, where *plaintiff's* own publicly filed pleadings included the same facts that gave rise to Plaintiff's concern).

Plaintiffs' argument that Defendant's motion is untimely also fails. Along with his motion to dismiss, Defendant moved to strike the allegations under Rule 12(f) and would have prevailed on that motion. Plaintiffs' voluntary dismissal of their pleading has prevented that adjudication from happening. Under such circumstances, and as compared to the cases relied upon by Plaintiffs, Defendant's motion to seal is sufficiently timely. *Cf. Fertakos v. Telebrands, Inc.*, 2024 WL 4818089, at *3 (D.N.J. Nov. 18, 2024) (denying motion to seal filed six years after case was

dismissed). In any event, as reflected in the case cited by Plaintiffs, courts are flexible in enforcing the 14-day limit imposed by Local Rule 5.3(c)(2). *Littlejohn v. Vivint Solar*, 2020 WL 2521276, at *1 n.2 (D.N.J. May 18, 2020) (giving parties 14 days from entry of summary judgment decision to file motion to seal even though such motions should have been filed earlier under the local rule).

Finally, Plaintiffs argue that Defendant waived any motion to seal, relying on *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, Civil Action No. 08-1331 (DMC), 2010 U.S. Dist. LEXIS 67631, at *10 (D.N.J. July 7, 2010). There, the Court ruled that parties could not seek to seal the transcript of a court proceeding that was held in open court without any request prior to the hearing to seal the courtroom; as a result, the "cat was already out of the bag, the ball game is over." *Id.* (citation omitted). Here, Plaintiffs did not file their pleadings under seal and did not ask Defendant whether it should be filed under seal. That is, in this case, the cat was out of the bag because of Plaintiffs alone. As mentioned, Defendant moved in a timely fashion to strike the scandalous allegations.[1]

**<u>CONCLUSION</u>**

For these reasons, the Court should seal the docket entries listed in Defendant's moving papers or, in the alternative, replace the filed documents with versions that redact the at-issue allegations.

Respectfully submitted,

Mark A. Berman, Esq.

[1] Plaintiffs argue that Defendant filed Plaintiffs' pleading with the Delaware Chancery Court in connection with Defendant's demand for indemnification – on which he has now prevailed – but, since Plaintiff's have dismissed this case, Defendant has now moved to seal those Delaware materials, as well.